United States District Court
Southern District of Texas
FILED

JUL 14 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Respondent-Plaintiff § | B-04-mc-003 |
| § | |
| vs. § | CA B-04-03 |
| § | |
| CELESTINO YANEZ-FLORES, § | |
| Petitioner-Defendant § | |
| ( CR B-02-377-S1) § | |

GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE
RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT

I.

The Court ordered the Government to respond to Petitioner's, Celestino Yanez-Flores' (hereinafter referred to as Yanez) 28 U.S.C. §2255 motion filed on March 12, 2004, by July 16, 2004. The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

On July 10, 2002, Yanez was charged by superceding indictment in the Southern District of Texas, Brownsville Division, with conspiracy to transport and harbor certain aliens within the United States, in violation Title 8 U.S.C. §§1324(a)(1)(A)(v)(1) and 1324(a)(1)(ii) and (iii) (PSR 1). He pled guilty to the indictment on October 10, 2002, before the Honorable Magistrate Judge Felix Recio ( DOC. 242; PSR 11). The statutory maximum for the offense was ten (10) years.

The probation department scored the instant offense at base offense level 12, with a nine-level Specific Offense increase by virtue of his involvement with more than 100 aliens pursuant to § 2L1.1(b)(2)(C), a two level adjustment due to reckless endangerment pursuant to §2L1.1(b)(5), and recommended that he receive a three-level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a, b) for a total offense level score of twenty (20). His criminal history placed him in criminal history category I (PSR 95). Yanez objected to the reckless endangerment assessment (PSR addendum).

On January 22, 2003, at sentencing, the district court denied his objection, adopted the PSR as written, and sentenced Yanez to forty-one (41) months imprisonment, to be followed by a three-year term of Supervised Release for the instant offense (DOC. 399). He was also ordered to pay $100.00 in mandatory costs. The district court advised Yanez of his right to appeal (DOC. 399). The judgment was entered March 3, 2003 (DOC. 418).

To date, no Notice of Appeal has been filed on Yanez' behalf. On September 25, 2003, Yanez filed an Ex Parte Motion for Direct Appeal citing his trial counsel's failure to perfect Yanez' direct appeal (1 R. 1). On February 6, 2004, the court ordered that Yanez' motion be construed as a motion pursuant to 28 U.S.C. §2255 and directed the clerk to supply Yanez with the proper forms to facilitate Yanez' filing of a §2255 motion. On March 12, 2004, Yanez filed his motion pursuant to 28 U.S.C. §2255 (1 R. 3). In it, Yanez reiterated his claim that he

directed his trial counsel to perfect his direct appeal and that counsel falsely indicated that the appeal had filed, when it had not been. Additionally, Yanez complains he was improperly denied a reduction in sentence on the basis of post conviction rehabilitation. Yanez also complained he was improperly denied the application of the "safety valve" and a four level mitigating role reduction. Yanez also claimed ineffective assistance of counsel for counsel's failure to request a reduced sentenced on the basis of Yanez' deportability and on the basis of the longer periods of confinement under harsher conditions to which illegal aliens are exposed. On April 26, 2003, Yanez filed another §2255 motion alleging some, but not all, of the same claims as his earlier motion.

III.

The March 12, 2003, pleading is timely. On April 24, 1996, a one-year period of limitation was placed upon the filing of motions under §2255. The one-year period runs from the date the judgment of conviction becomes final. Yanez' ability to file such motion expired on March 13, 2004 (one year plus the ten[10] days after his judgment was entered, with the expiration of the period for filing notice of appeal).

IV.

The Government denies each and every allegation of fact made by Yanez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

V.

ALLEGATIONS

Yanez alleges his constitutional rights were violated in four regards:

a. Yanez complains he was improperly denied a reduction in sentence on the basis of post conviction rehabilitation.

b. Yanez also complained he was improperly denied the application of the "safety valve" and a four level mitigating role reduction.

c. The collateral consequences of Yanez's conviction deprived him of constitutional equal protection and due process under the law.

d. His trial counsel was ineffective in two manners:

1. Failing to move for downward departure due to prospective deportation and collateral consequences of imprisonment.

2. Failing to pursue direct appeal

VI.

YANEZ' BURDEN

Yanez' first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255 and requiring "cause and prejudice" standard). Yanez must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-232 & n.7 (5th Cir. 1991) (en banc)

(constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* The "cause" proffered by Yanez was "ineffective assistance" of counsel. Yanez argues that he directed his attorney to pursue a direct appeal but that counsel failed to do so. "Ineffective assistance", if demonstrated, may satisfy the "cause" prong of his burden.

Yanez alleges that he suffered "prejudice" as a result, in that his counsel's failure to move for downward departure based upon his prospective deportation resulted in a greater sentence than he would have received; that he was improperly denied the application of the "safety valve" and a four level mitigating role reduction. And finally, that the collateral consequences of his incarceration will result in longer incarceration than a U.S. citizen would receive.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Yanez does not allege he is innocent. He, therefore, fails the "prejudice" prong of his "cause and prejudice" burden.

A.   <u>INEFFECTIVE ASSISTANCE TO SATISFY THE "CAUSE" PRONG</u>

   1. <u>Legal Principles Governing Ineffective Assistance</u>.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court

cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega,* 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Yanez must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for' such unprofessional errors the outcome would have been different. *United States v. Samples,* 897 F.2d at 196. Yanez fails in both regards.

To prevail on his claims, Yanez must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices

made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

    a. <u>At the plea stage</u>.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Yanez must demonstrate that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

    b. <u>Sentencing errors</u>

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of

counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Yanez demonstrates that his counsel provided constitutionally infirm representation, Yanez must also demonstrate prejudice. Although Yanez need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

### Loss of appellate rights

Regarding Yanez' "loss" of appellate rights, although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context of this claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 89 S.Ct. 1715, 1717 (1969).

Here, the government believes the record will demonstrate Yanez made a deliberate decision to not appeal prior to the expiration of his ten day deadline. If the final record reveals that Yanez did not direct his trial counsel to file notice of appeal, Yanez' claim fails on this point. If the court concludes Yanez did direct

his trial counsel to file notice of appeal within the time period provided, Yanez' right to appeal should be reinstated. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999), *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

B. YANEZ' INEFFECTIVE ASSISTANCE CLAIMS

Yanez's "ineffective assistance" claims are premised on several unsupported or incorrect claims.

1. Eligibility for downward departure due to prospective deportation and collateral consequences of imprisonment.

Yanez alleges "ineffective assistance" in his trial counsel failing to obtain a downward departure for being subject to deportation and for the collateral consequences of conviction particular to aliens. However, deportability is not a viable justification for a downward departure. *United States v. Navarro*, 218 F.3d 895, 898 (8th Cir. 2000).

11

The issue of an alien's eligibility for a downward departure due to collateral consequences, was decided by the Fifth Circuit ten years prior to Yanez's conviction in *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993). The Fifth Circuit does not now, nor has it ever sanctioned such downward departures. Although the categorical prohibition against downward departures for "ineligibility for more lenient conditions of imprisonment, that an alien may incur" espoused in *Nnanna* has been tempered by the holding *Koon*, which mandates a case-specific analysis, Yanez failed to demonstrate that his circumstances were "meaningfully atypical" to remove him from the heartland. *Id.* at 422; *United States v. Lopez-Salas*, 266 F.3d 842, 2001 WL 1081108 (8th Cir. 2001)(the fact a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual); *United States v. Maldonado*, 242 F.3d 1, 5 (1st Cir. 2001)(a deportable alien who commits a crime is still within the "heartland", departure must be based upon additional case-specific findings which made the case unusual); *United States v. Zeledon*, 2001 WL 770985 (N.D. Tex. 2001); *United States v. Navarro*, 218 F.3d at 897-898 (more secure conditions of confinement consequence of deportability which is a consequence of defendant's commission of crime under illegal immigration status); *United States v. Bautista*, 258 F.3d 602, 607 (7th Cir. 2001)(circumstances not extraordinary enough to justify downward departure); *United States v. Guzman*, 236 F.3d 830, 834 (7th Cir. 2001)(although departure may be appropriate under extraordinary

circumstances, typical variance in conditions of confinement between deportable aliens and citizens "not great"),...: Although it is true than under *United States v. Koon*, 518 U.S. 81, 116 S.Ct. 2035 (1996), circuit courts may no longer categorically proscribe a basis for departure, the departure sought by Yanez must fail as they do not fall outside the "heartland". As 18 U.S.C. §3624(c) prohibits the assignment of aliens to halfway houses, it is presumed that the United States Sentencing Commission considered the "statutory and regulatory structures upon which an informed sentencing treatment of immigration offenses significantly depended." *United States v. Clase-Espinal*, 115 F.3d 1054, 1057 (1st Cir. 1997); *United States v. Angel-Martinez*, 988 F.Supp. 475, 484 (D.N.J. 1997). A §2255motion cannot substitute for his failure at sentencing to seek a downward departure. *United States v. Payne,* 99 F.3d 1273, 1281-1282 (5th Cir. 1996); *Garcia v. United States*, 1998 WL 37515 (S.D.N.Y. 1998).

  2. <u>Yanez directed counsel to pursue a direct appeal, counsel falsely advised Yanez that counsel was pursuing the appeal</u>

The government concedes that if Yanez' claims were true, it would establish ineffective assistance entitling him to a late direct appeal. See *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029 (2000) ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal");

The undersigned contacted trial counsel, who advised, that although Yanez was unhappy with Yanez' 41 month sentence, the sentence was within the applicable Guideline range. Although Yanez was aware of the 10 day period within which to file notice of appeal, Yanez never contacted counsel following Yanez' sentencing hearing nor otherwise directed counsel to file notice of appeal or to pursue an appeal. Likewise, counsel never advised Yanez that counsel had, in fact, taken any steps to pursue an appeal on Yanez' behalf. Counsel declined to provide an affidavit in lieu of the preceding statement.

As the premises upon which Yanez's instant complaint is based has no legal or factual support, Yanez's counsel's performance can not be shown to be deficient under *Strickland*. As Yanez has failed to demonstrate he was eligible for the alleged defenses and departures, or that he directed counsel to pursue an appeal, he can show neither "cause" nor "prejudice" by his attorney's "failure" to take such action. Further, Yanez does not allege he is innocent. He therefore fails the 'miscarriage of justice' test.

VII.

SUBSTANTIVE CLAIMS

A.   Yanez complains he was improperly denied a reduction in sentence on the basis of post conviction rehabilitation.

Denial of a downward departure represents an application of the sentencing Guidelines and does not rise to the level of a deprivation of a constitutional right. Relief under § 2255 is reserved for (1) errors of constitutional dimension and (2)

other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam); *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir.1989); *United States v. Smith*, 844 F.2d 203, 205-06 (5th Cir.1988). Yanez' challenge to a district court's failure to grant a downward departure is outside these parameters. A challenge to a sentencing judge's technical application of the sentencing guidelines may not be raised in a § 2255 proceeding. Such questions are capable of being raised on direct appeal and, further, do not implicate any constitutional issues. *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Similarly, challenges to a sentencing court's factual findings on the basis of which the court makes sentencing adjustments may not be raised in a § 2255 proceeding if they could have been raised on direct appeal. See *United States v. Perez*, 952 F.2d 908, 909-10 (5th Cir.1992).

Even if this issue could be raised at this stage, Yanez fails to demonstrate he was eligible for the departure. It is not clear that this Circuit recognizes the viability of such grounds for departure at a defendant's initial sentencing. All of the jurisprudence from other circuits relates to cases in which the defendant is facing re-sentencing. If district courts can depart at all within this Circuit based on post-conviction rehabilitation, the factor must be present " 'to such an exceptional degree that the situation cannot be considered typical of those circumstances in which the acceptance of responsibility adjustment is granted.' "

*United States v. Rhodes*, 145 F.3d 1375, 1383 (DC Cir. 1998). Compare *United States v. Green*, 152 F.3d 1202, 1207-08 (9th Cir.1998) (concluding that post-sentencing rehabilitative efforts may be a basis for a downward departure), *United States v. Core*, 125 F.3d 74, 77 (2d Cir.1997) (same), *United States v. Sally*, 116 F.3d 76, 80 (3d Cir.1997) (same), and *United States v. Brock*, 108 F.3d 31, 35 (4th Cir.1997) (same), with *United States v. Sims,* 174 F.3d 911, 912 (8th Cir.1999) (holding that post-sentencing rehabilitation is not an appropriate basis for a downward departure).

Yanez' initial appearance was on July 12, 2002 (DOC. 37). He plead guilty on October 3, 2002 and was sentenced on January 22, 2003 (DOC. 242, 399). During this three and ½ month period in confinement from his rearraignment to his sentencing, Yanez would have had to demonstrate an "exceptional degree" of rehabilitation to be even arguably eligible for such departure. Yanez does not hint, much less demonstrate, at the "exceptional" rehabilitative strides he made during this period. He therefore fails to sustain his burden.

B.   "Safety Valve" and "Mitigating Role" Reductions.

Yanez' claim that the district court misapplied the sentencing guidelines by failing to grant a mitigating role adjustment is not cognizable under Section 2255. Section 2255 of Title 28 U.S.C. allows collateral relief for (1) imposition of a sentence in violation of the Constitution or federal law; (2) lack of jurisdiction of the sentencing court; (3) imposition of a sentence in excess of the statutory

maximum; or (4) imposition of a sentence otherwise subject to collateral attack. A prisoner is entitled to relief under Section 2255 for a sentence imposed in violation of federal law if that sentence involved a "fundamental defect" causing a "complete miscarriage of justice" or otherwise resulting in a violation of due process. *United States v. Timmreck*, 441 U.S. 780, 783-784, 99 S.Ct. 2085 (1979); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468 (1962). A district court's finding regarding role adjustment role adjustment to his offense level does not meet these standards and is therefore not cognizable for relief under Section 2255. See *United States v. Addonizio*, 442 U.S. 178, 185-187, 99 S.Ct. 2235 (1979); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *Scott v. United States*, 997 F.2d 340, 342-343 (7th Cir.1993).

Yanez' contention that the district court erred in declining to grant him a downward departure at sentencing based upon "safety valve" provision of U.S. Sentencing Guidelines Manual § 5C1.2 is similarly not cognizable herein. Non-constitutional claims that could have been raised on direct appeal and were not may not be raised in a collateral proceeding under § 2255. *Stone v. Powell*, 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037 (1976). In particular, claims regarding a district court's misapplication of the sentencing guidelines generally are not cognizable in a § 2255 proceeding because such claims do not typically involve a miscarriage of justice. See *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir.1999); *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir.1999).

Accordingly, because such claims are generally not cognizable in the context of a § 2255 motion, and Yanez has not demonstrated that the district court's failure to grant him a downward departure constitutes a miscarriage of justice, his claim is not reviewable herein.

C. <u>Collateral consequences of imprisonment of illegal aliens represents a violation of the Equal Protection clause.</u>

Yanez argues that, as illegal aliens are ineligible for various beneficial prison programs, such as halfway house assignment, educational programs, etc., therefore, this disparate treatment represents a violation of the Equal Protection clause. Such claim relates to the manner in which Yanez' sentence is served and is not cognizable under 28 U.S.C. §2255. *United States v. Acevedo*, 2001 WL 280485 (10th Cir. 2001).

It is irrelevant that United States citizens are otherwise eligible for these programs, unless the statutory scheme is considered to create a classification based on alienage. See, e.g., *Graham v. Richardson*, 403 U.S. 365, 370-372, 91 S.Ct. 1848 (1971)("Aliens as a class are a prime example of a 'discrete and insular minority [see *United States v. Carolene Products Co.*, 304 U.S. 144, 152-153, n. 4, 58 S.Ct. 778 (1938)] for whom such heightened judicial solicitude is appropriate; "thus restricting welfare benefits on basis of alienage unconstitutional). However, there is a distinction between statutes which classify based on alienage and statutes which classify based on criminal actions. Given

Congress' plenary power over immigration, imposing different rules on immigrants versus citizens does not in itself create a suspect classification. *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473 (1977) (power to expel aliens is a fundamental sovereign attribute exercised by political departments of government and largely immune from judicial control); see also *Plyer v. Doe.* 457 U.S. 202, 223-225, 102 S.Ct. 2382 (1982)("undocumented aliens cannot be treated as a suspect class because their presence in this country in violation of federal law is not a 'constitutional irrelevancy.'... it is 'a routine and normally legitimate part' of the business of the Federal Government to classify on the basis of alien status ... and to 'take into account the character of the relationship between the alien and this country ." '). Collateral consequences of imprisonment, distinguishing between aliens and citizens, is a rational application of this policy. *United States v. Adelke*, 968 F.2d 1159, 1160-1161 (11th Cir. 1992). Accordingly, there is no basis for Yanez's Equal Protection argument.

VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Yanez' §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

                                      Respectfully submitted,

                                      MICHAEL T. SHELBY
                                      United States Attorney

                                      Mark M. Dowd
                                      Assistant U.S. Attorney
                                      600 E. Harrison, # 201
                                      Brownsville, Texas 78520
                                      Texas Bar No. 06070500
                                      Federal I.D. No. 9314
                                      (956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

    I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Celestino Yanez-Flores, No. 94501-079, CCA- Eden Detention Center, P.O. Box 605, Eden, Texas, 76837 on this the 14th day of July, 2004.

                                        MARK M. DOWD
                                        Assistant U.S. Attorney