| | |
|---|---|
| COURTROOM MINUTES: | **Felix Recio, Judge Presiding**<br>**Southern District of Texas, Brownsville Division** |
| Courtroom Clerk: | L M Villarreal |
| ERO: | Rosie D'Venturi |
| INTERPRETER: | Ana Caddess |
| DUSM: | Jason Cullingstrud |
| CSO: | Richard Harrelson |
| Date: | Sep 30, 2004, 3:16 p.m. to 3:22 p.m. |

===================================================================

### MISC. NO. B04-003 (HGT)

| | | |
|---|---|---|
| CELESTINO YANEZ-FLORES | * | Jon Karl Schmid, appointed |
| VS | * | |
| UNITED STATES OF AMERICA | * | Mark Dowd, AUSA |

---

## **EVIDENTIARY HEARING**

Petitioner appeared with counsel. AUSA Dowd appeared for the government. Attorney Lazaro Cardenas (Petitioner's trial counsel) appeared as subpoenaed.

AUSA Dowd stated that he had conferred with Petitioner's counsel regarding the issue of Petitioner's desire to pursue his appeal after the sentencing. The government will stipulate that it did occur and that the government does not object to a finding that Yanez-Flores was denied his right to appeal.

Attorney Schmid asks the Court to take judicial notice of the trial court record.
Petitioner's Exhibit No. 1 (28 U.S.C. 2255 Petition) offered; no objection; admitted as to the issue of notice of direct appeal only.

The Court accepts the stipulation of evidence. A report and recommendation will be filed recommending that Petitioner's 2255 writ be granted as to the direct appeal.

AO 243 (Rev. 2/95)

3

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Southern District of Texas |
|---|---|
| Name of Movant CELESTINO YANEZ-FLORES | Prisoner No. 94501-079 | Case No. CR00377-S1-002 |
| Place of Confinement CCA-EDEN DETENTION CENTER, EDEN TX | MISCELLANEOUS B-04-003 |

UNITED STATES OF AMERICA    V.    CELESTINO YANEZ FLORES
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  U.S. District Court Southern District of Texas (Brownsville)

2. Date of judgment of conviction  (1-22-03) Sentenced

3. Length of sentence  41 MONTHS

4. Nature of offense involved (all counts)  8 U.S.C., 1324(a)(1)(ii), 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(I) Conspiracy to transport and harbor Certain Aliens within the United States

United States District Court
Southern District of Texas
FILED
MAR 12 2004
Michael N. Milby
Clerk of Court

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
Sentenced to 41 months BOP 3yr SRT, w/o Supervise $100 on Count 1s

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐  N/A
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒   N/A

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☐   I Asked my Lawyer to do direct Appeal but he failed to do so.

(2)



9. If you did appeal, answer the following: N/A

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information: N/A

   (a) (1) Name of court _____

       (2) Nature of proceeding _____

       _____

       (3) Grounds raised _____

       _____

       _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐    No ☐    N/A

       (5) Result _____

       (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court  Southern District Court/Brownsville Division

       (2) Name of proceeding  (Current 2255)

       _____

       (3) Grounds raised _____

       _____

       _____

       _____

       _____

       _____

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?  N/A

                      Yes ☐    No ☐

        (5) Result _____

        (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐    No ☒  N/A
    (2) Second petition, etc.   Yes ☐    No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

*I asked my lawyer to submit direct appeal and he responded that it was already filed. Many months went by but it (my appeal) was never filed by my lawyer. He lied to me.*

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243    (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a ~~ation~~ of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Post Conviction Rehabilitation as a ground for reduction of Sentence (Smith v. U.S.) (U.S. v. White) (U.S. v. Agu)

Supporting FACTS (state *briefly* without citing cases or law): For Cases out of other Circuit Courts of Appeals recognizing Post-Conviction Rehabilitation as a valid ground for a reduction of sentence. (Sally, Kern, Core, Coleman, Brody, Maier, Hasan, Green etc)

B. Ground two: Innefective Counsel- (Strickland v. Washington)

Supporting FACTS (state *briefly* without citing cases or law): PSI clearly states that Defendant is a native of Mexico and that his resident status was terminated by the INS. Counsel was well aware that Defendant was an Alien. In spite of this, Counsel fails to raise the issue of deportability as a mitigating factor for Sentencing. This below accepted standard warrants resentencing.

C. Ground three: Alien Defendants are Sentenced to more Severe Incarceration time because of their legal status.

Supporting FACTS (state *briefly* without citing cases or law): Mitigating factors were not considered at sentencing that could have been considered because of his Deportability. "Defendant Aliens serve their sentences under harsher conditions."

(5)

AO 243   (Rev. 2/95)

D. Ground four: Defendant should have received safety valve for criminal History Category I.

Supporting FACTS (state *briefly* without citing cases or law): A defendant's role and Past record is directly relevant to his/her Sentence (Koon vs. United States) Mitigating role in the offense can also reduce Defendants offense level by as much as 4 levels.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: A-D- for lack of Sophistication & Knowledge of the law.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
   Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  Laura Betancourt was discharged from further responsibility on July 26, 2002 and replaced by

   (b) At arraignment and plea  Attorney Lazaro Cardenas

   (c) At trial

   (d) At sentencing

(6)

AO 243   (Rev. 2/95)

   (e) On appeal  N/A

   (f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding ____N/A____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__2-17-004__
Date

__CELESTINO YAÑES__
Signature of Movant

(7)