UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT - 5 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-MC-003 |
| | § | (CRIM. ACTION NO. B-02-377-S1) |
| CELESTINO YANEZ-FLORES, | § | |
| Defendant-Petitioner. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Petitioner Celestino Yanez-Flores's (hereinafter Petitioner or Yanez) 28 U.S.C. § 2255 Motion to File an Out-of-Time Appeal (Docket No. 3). Along with its answer the Government filed a Motion to Dismiss and a Motion for Summary Judgment (Docket No. 12), which will also herein be considered. For the following reasons, the relief sought by Petitioner should be GRANTED and the Government's Motion to Dismiss and Motion for Summary Judgment should be DENIED.

### BACKGROUND

Petitioner was charged in the Southern District of Texas, Brownsville Division with conspiracy to transport and harbor illegal aliens within the United States in violation of 8 U.S.C. § 1324. He pleaded guilty to the indictment before this Court and on March 3, 2003 was sentenced to 41 months imprisonment, to be followed by a three-year term of supervised release. He was also assessed $100.00 in mandatory costs. No appeal has been filed on Petitioner's behalf, however, he filed an Ex Parte Motion for Direct Appeal (Docket No. 1) on September 25, 2003. This Court entered an order on February 6, 2004 (Docket No. 2) construing Petitioner's

Ex Parte Motion for Direct Appeal as a 28 U.S.C. § 2255 Motion for an Out-of-Time Appeal and directed the clerk to supply Petitioner with the necessary forms. Petitioner subsequently filed his § 2255 motion on March 12, 2004 (Docket No. 3).

## ALLEGATIONS

Petitioner alleges that he is entitled to relief based on the following:

(1) He was improperly denied a reduction in sentence based on post conviction rehabilitation,

(2) He was improperly denied the application of the "safety valve" provision found in § 5C1.2 of the U.S. Sentencing Commission Guidelines Manual and a four level mitigating role reduction,

(3) He was deprived of constitutional equal protection and due process by the collateral consequences of his conviction, and

(4) He was provided ineffective assistance of counsel by his trial attorney because:

  (a) His attorney did not move for downward departure in his sentencing due to prospective deportation and collateral consequences of imprisonment; and

  (b) His attorney failed to file a direct appeal despite Petitioner's request that he do so.

## DISCUSSION

This Court held an evidentiary hearing in this case on September 30, 2004. At that hearing Petitioner, his appointed counsel Jon Karl Schmid, Assistant U.S. Attorney Mark Dowd, and subpoenaed witness Attorney Lazaro Cardenas (Petitioner's trial counsel) appeared. The only issue considered at the hearing related to Petitioner's ineffective assistance of counsel claim, specifically whether Petitioner had instructed his trial counsel to file a direct appeal. Both parties agreed that Petitioner requested that his trial counsel file an appeal and that this was not done. The Government went so far as to stipulate that, through either an act of inadvertence or a

breakdown in communication on the part of his counsel, Petitioner was denied his right to appeal. (Docket No. 18)

A direct appeal from a United States District Court to a court of appeals is a right which is fundamental to the requirements of due process of law. *Arrista v. USA*, 455 F.2d 736, 739 (5th Cir. 1972). The Fifth Circuit has held that if a defendant requests that his attorney pursue an appeal and the appeal is not carried out, then the defendant has been denied effective assistance of counsel and is entitled to an out-of-time appeal. *Kent v. USA*, 423 F.2d 1050 (5th Cir. 1970). This is true even when a breakdown in communication or inadvertence is to blame for the attorney's failure to perfect the appeal. *Id.*

The fact that Petitioner pleaded guilty to the indictment against him does not affect his right to appeal but it does limit the issues that he can raise on appeal to jurisdictional and Rule 11[1] grounds. *Barrientos v. USA*, 668 F.2d 838 (5th Cir. 1982). Though there appears to be little merit to Petitioner's grounds for appeal it is not the job of the Court, at this time, to decide whether or not Petitioner will be able to succeed on appeal. The concern of this Court in this instance is solely whether Petitioner requested that his attorney perfect an appeal and whether that appeal was actually filed. The Supreme Court has noted that it is unfair to require a indigent, *pro se* petitioner, such as Yanez[2], to "demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Roe v. Flores-Ortega,* 528 U.S. 470, 486 (2000). Even though

---

[1] Fed. R. Crim. P. 11 (2004).

[2] Though Yanez is now represented by court appointed counsel he filed his § 2255 petition, on which this action is based, *pro se.*

3

Petitioner pleaded guilty he still needs only to show that but for the deficient conduct of his counsel, he would have appealed. *Id.* Both parties in this case agree that Petitioner requested an appeal and that this appeal was not perfected by his trial counsel. Petitioner was, therefore, denied effective assistance of counsel and is entitled to an out-of-time appeal.

It should be noted that the evidentiary hearing was conducted solely on the issue of wether the defendant requested an appeal and his attorney's reasons for not perfecting that appeal. Because Petitioner should be granted an out-of-time appeal based exclusively on the above, it is not necessary for this Court to consider the other aspects of Petitioner's motion.

## RECOMMENDATION

For the aforementioned reasons, Petitioner's application for 28 U.S.C. § 2255 relief (Docket No. 3) should be GRANTED based solely on the failure of his attorney to perfect his requested appeal. All other claims for relief should be subsequently DENIED as MOOT. Furthermore, the Defendant's Motion to Dismiss and Motion for Summary Judgment (Docket No. 12) should be DENIED. The criminal judgment of the District Court in this case should be REINSTATED and Petitioner allowed ten (10) days from the date of that reinstatement to file an appeal.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

4

result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 5th day of October, 2004.

                                    Felix Recio
                                  United States Magistrate Judge